UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Ray Quick, # 19539-057, ) | C/A No. 4:11-1556-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Warden, FCI-Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is a federal prisoner, housed at FCI-Williamsburg in Salters, South Carolina, who was convicted in the Middle District of North Carolina in 1999 on two counts of drug-related crimes and sentenced to a 292- month sentence and a consecutive sixty-month sentence under the career offender provisions of the Federal Sentencing Guidelines. *United States v. Quick*, No. 1:98-cr-113-NCT-6. He filed an unsuccessful § 2255 motion in the Middle District of North Carolina in October 2000. On December 2, 2010, Petitioner was successful in obtaining a 30-month reduction in his sentence under the "crack cocaine amendment" to the Sentencing Guidelines. His appeal from that order was "administratively dismissed" by the Fourth Circuit Court of Appeals on May 21, 2011.

Petitioner now comes to this Court asking us to remand his case to the sentencing court for re-sentencing because, according to Petitioner, two of the North Carolina state convictions (misdemeanor assault on a police officer and misdemeanor assault inflicting serious injury) that were used to enhance his sentence have now been found "invalid." Petitioner's allegations are very sparse, but he references "United States v. Simmons," and claims he is "actually innocent" of his enhanced sentence and that the recently decided opinions in this area require vacation and reconsideration of his sentences. Although Petitioner does not provide a citation for the *Simmons* case, independent research discloses that he is probably referring to the United States Supreme Court case that vacated a 2009 Fourth Circuit opinion that addressed enhancement under the Sentencing Guidelines based on prior convictions under a North Carolina drug possession statute. *See Simmons v. United States*, 130 S. Ct. 3455 (2010), vacating *United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009).[1]

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

---

[1] The *Simmons* case arose in the Fourth Circuit from a direct appeal from a conviction and sentence. A decision upon remand to the Fourth Circuit has not yet been issued.

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **Analysis**

In this § 2241 Petition, Petitioner is attacking the validity of his sentence. This is the type of claim that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255. *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). The savings clause states as follows:

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), which requires that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.
Id. at 333-34. Petitioner discusses the *Jones* test in his memorandum and contends that it supports his attempt to have this Court review his sentence, however, he cannot satisfy all the elements of this test.

Specifically, the second element of the test requires that "substantive law changed such that the conduct *of which the prisoner was convicted* is deemed not to be criminal." (emphasis added). This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal

4

classification of the predicate crimes."); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34).

Furthermore, Petitioner's allegations do not satisfy the standards for a viable "actual innocence" claim as contemplated in the §§ 2241, 2255 contexts because he provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his 1999 federal criminal *conviction* for drug-related charges. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The type of "actual innocence" that might require the Court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for an enhanced sentence as asserted here. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Since Petitioner has not raised a claim that may be presented in a § 2241 petition, and since he has not demonstrated that he has been granted leave from the Fourth Circuit to file a successive § 2255 petition in the sentencing court, this Petition should be summarily dismissed. Numerous recent cases from judges of this Court support this conclusion. *See, e.g.*, *Riddle v. Mitchell*, No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Feb. 12, 2010); *United States v. Kelley*, No. 3:04-998-CMC, 2010 WL 5140593, *3-5 (D.S.C. Dec. 13, 2010).

### **Recommendation**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

August 12, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).