IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Billy Ray Quick, #19539-057, | ) | C/A NO. 4:11-1556-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden, FCI - Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On August 12, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without requiring a response from Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 30, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice. Accordingly, the court adopts and incorporates by reference the Report.

Petitioner contends that the decision of the Fourth Circuit Court of Appeals in *United States v. Simmons*, __ F.3d __, 2011 WL 3607266 (4th Cir., Aug. 17, 2011), mandates that "his two prior conviction[s] under North Carolina Sentencing [scheme] no longer qualify as predicate offenses to be used for enhancement purposes." Obj. at 2 (Dkt. #22, filed Aug. 30, 2011). However, this argument does not cure the deficiency present in this circumstance: that this court does not have jurisdiction over the petition for relief, as it challenges the validity of Petitioner's sentence, and Petitioner cannot meet the "savings clause" of § 2255(e).

Therefore, the petition is dismissed without prejudice and without requiring Respondent to file a return.[1]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 5, 2011

---

[1] Moreover, a motion for relief under 28 U.S.C. § 2255 must be filed in the district in which Petitioner was sentenced. Additionally, as provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Petitioner has not done.

2